# NO. 12-14-00355-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DONALD ERNEST POWELL,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Donald Ernest Powell appeals his conviction for "assault causes bodily injury family member." In a single issue, Appellant contends the evidence is legally insufficient to support his conviction. We affirm.

## BACKGROUND

Around 7:00 a.m. on May 20, 2012, Smith County Sheriff's Detective Jennifer Stockwell[1] was dispatched to a convenience store in Chapel Hill. She was told she would be meeting with a victim regarding an assault in the Chapel Hill area. When she arrived, the victim's soon-to-be-ex-husband pointed her in the direction of Lydia Koonce, the victim. Koonce was bruised, and her face was swollen. She explained to the detective that she was assaulted approximately two hours earlier by her boyfriend, Appellant. Following her discussion with Koonce, Detective Stockwell obtained a written statement in which Koonce confirmed Appellant physically assaulted her "about the face."

---

[1] Between the time of the offense and trial, Deputy Jennifer Burkhalter married and was promoted to detective.

After completing Koonce's report, Detective Stockwell and another deputy went to Koonce's residence to interview Appellant. After speaking with Appellant, and based upon Koonce's report, Detective Stockwell arrested Appellant for assault.

Appellant was charged by information with assaulting Koonce by striking her with his hand or hands. The information included an allegation that Appellant and Koonce were involved in a dating relationship. Appellant was tried before a jury and found guilty of "assault causes bodily injury family member" as charged in the information. The trial court assessed his punishment at sixty days of confinement and a $1,000 fine. Appellant timely appealed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant contends the evidence is legally insufficient to support the jury's determination that he was the person who caused bodily injury to Koonce.

### Standard of Review and Governing Law

The Texas Court of Criminal Appeals has held that the *Jackson v. Virginia* legal sufficiency standard is the only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State,* 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.). Under the single sufficiency standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *see also Brooks,* 323 S.W.3d at 902. We defer to the trier of fact's responsibility to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The trier of fact also is the sole judge of the witnesses' credibility. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id*.

A person commits the offense of assault if he intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. TEX. PENAL CODE ANN. § 22.01 (West 2011). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical

2

condition." **Id**. § 1.07(a)(8) (West 2011). "Dating relationship" means a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature. TEX. FAM. CODE ANN. § 71.0021(b) (West 2014).

**Analysis**

Appellant argues that the evidence shows Koonce had no recollection of who caused her injuries. Therefore, he urges, her injuries "could have been from Mr. Powell, anyone else at the house, or some other person."

Koonce's written statement, which was admitted into evidence, states as follows:

> I was in my home at 16786 Red Oak Rd. [and] Mr. Don Powell became upset with me [and] proceeded to physically assault me about the face. I asked him to leave [and] he refused so I called my ex-husband to meet me with the children. I do wish to file formal charges for assault.

At trial, however, Koonce testified that she did not remember meeting with Detective Stockwell, giving a statement, or being assaulted. According to Koonce, she and Appellant had been drinking with friends at her residence. The next thing she remembered, she said, was waking up bruised and swollen. When confronted with her written statement, Koonce testified that she did not recall writing or signing it. However, she recognized her handwriting and her signature and did not deny writing the statement.

Detective Stockwell testified that when she met with Koonce shortly after the alleged assault, Koonce was very "upset [and] distraught," and her face was bruised and swollen. She said Koonce told her that Appellant had assaulted her at approximately 5:00 a.m. that morning.

Detective Stockwell recounted that she and another deputy went to Koonce's residence to interview Appellant, and they found him asleep on the couch in the living room. She recalled noticing a strong odor of alcohol on Appellant's person and breath. She also stated that Appellant claimed to not remember anything that happened that morning or the preceding evening. And she recalled that Appellant had defensive wounds on his eye and stomach. Detective Stockwell testified that these injuries appeared to be fresh and indicated that he had been in an altercation "that evening or that night."

As Appellant points out, Koonce testified that she had been drinking the night before the assault and that she had also taken some antidepressants and anxiety medication. However, Detective Stockwell testified that she did not smell alcohol on Koonce's breath and did not

observe any other signs of intoxication during their meeting. The detective further testified that, pursuant to Smith County Sheriff's Department policy, she would not have taken a statement from Koonce if she was intoxicated. She also stated that she did not believe Koonce was intoxicated when the assault report or the written statement was made. Finally, Detective Stockwell said she warned Koonce that she could be charged with "false report to a peace officer" if it was later determined that she lied in the statement.

The jury could have chosen to believe Detective Stockwell's trial testimony and Koonce's written statement over Koonce's trial testimony. The jury is the sole judge of witness credibility, and we must defer to their determinations. *See Winfrey*, 393 S.W.3d at 768. Viewing the evidence in the light most favorable to the jury verdict, we conclude the evidence is legally sufficient to support the verdict. Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered October 14, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 14, 2015

### NO. 12-14-00355-CR

**DONALD ERNEST POWELL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law No. 2

of Smith County, Texas (Tr.Ct.No. 002-81591-14)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*